UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENOARD TALLEY,<br><br>      Plaintiff,<br><br>   vs.<br><br>A. WALKER, et al.,<br><br>      Defendants. | 1:12-cv-01995-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 7.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.     BACKGROUND**

Lenard Talley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 7, 2012. (Doc. 1.)  On December 20, 2012, Plaintiff consented to Magistrate Judge jurisdiction pursuant 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on September 16, 2013, requiring Plaintiff to either file an amended complaint, or notify the court of his willingness to proceed only against defendants Kantu and Rodriguez for failure to protect Plaintiff.  (Doc. 6.)  On October 4, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 7.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///

///

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Captain A. Walker, Lieutenant L. T. Green, Associate Warden O. Fisher, Correctional Officer (C/O) Kantu, C/O Shaka, C/O Rumbles, C/O Rodriguez, and Sergeant D. Huckabay. All of the defendants were employed by the CDCR at PVSP at the time of the events at issue. Plaintiff's factual allegations follow, in their entirety:

> "The following defendants 'allowed & know[ing]ly' me to be assaulted & while I was in 'holding cell' allowed my personal property to be taken & lost, from my cell #2421 in B Building A-Yard! Allowed 2 different inmates, inmate Jefferson & Davis, to assault me, without stopping the assault. Refused to house me 'single-cell!' I have 'chronos & statements' from 3 doctors & staff, I should be housed single cell."

(First Amended Complaint at 4 ¶IV.) Plaintiff requests injunctive relief.

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

**Personal Participation**

Plaintiff fails to allege any personal conduct by any of the named defendants in the First Amended Complaint. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Because Plaintiff has not alleged any personal conduct by any individual Defendant, Plaintiff fails to state any claims.

**Discussion**

In light of the fact that the court previously found that Plaintiff stated cognizable claims in the initial Complaint against defendants Kantu and Rodriguez, Plaintiff shall be allowed an opportunity to file a Second Amended Complaint curing the deficiencies in the First Amended Complaint. To this end, the court shall set forth, in numbered paragraphs below, the legal standards which appear to apply to Plaintiff's claims. Plaintiff should review this order and the court's prior screening order of September 16, 2013, for guidance in preparing his Second Amended Complaint.

**Legal Standards**

    1.    **Failure to Protect – Eighth Amendment Claim**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect

prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

### 2. **Single-Cell Status**

Plaintiff claims he should be given single cell status. Plaintiff alleges that he had a chrono, but fails to specifically allege facts indicating that any of the individual defendants were made aware of the chrono or of a specific threat to Plaintiff's safety, and disregarded that risk. Plaintiff may not hold Defendants liable by simply alleging a failure to house him in a single cell. Plaintiff must allege facts indicating each individual defendant knew of a particular risk to Plaintiff's safety and disregarded that risk, resulting in injury. Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson, 588 F.2d at 743). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not linked Defendants to any specific acts or omissions that violated Plaintiff's federal rights. Therefore, Plaintiff fails to state claims against them.

///

### 3. Loss of Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533. Here, the facts clearly indicate that the deprivation was unauthorized. Therefore, California law provides an adequate post-deprivation remedy for any property deprivations. See Ca. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). In this action, the Court previously found that Plaintiff stated cognizable claims in the initial Complaint; however, Plaintiff fails to re-state the allegations in the First Amended Complaint. Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall be granted another opportunity to amend the complaint. The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones, 297 F.3d at 934. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on October 4, 2013, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:12-cv-01995-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  **May 15, 2014**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE